Ayotte v. Matthew Thornton Health     CV-03-227-JD   06/28/04

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Bertin L. Ayotte

        v.                              Civil No. 03-227-JD
                                        Opinion No. 2004 DNH 098
Matthew Thornton Health
Plan, Inc. and Anthem Health
Plans of New Hampshire, Inc.


                            O R D E R


     Bertin L. Ayotte brought suit under the Employee Retirement
Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., seeking
coverage for certain medical procedures from Matthew Thornton
Health Plan, Inc., and Anthem Health Plans of New Hampshire, Inc.
Ayotte alleges claims to recover benefits and for breach of
fiduciary duty.  The defendants move for summary judgment on the
grounds that the limitations provision in the plan bars Ayotte's
claim, Ayotte failed to comply with the expert disclosure
deadline, and the decision to deny benefits was appropriate.


                           Background

     Bertin Ayotte was provided health insurance coverage under
his employer's benefit plan through Matthew Thornton Health Plan,
Inc.  The medical policy included provisions that excluded
coverage for investigational or experimental treatment and that
required "[any] legal action" against Matthew Thornton Health

Plan ("MTHP") to be brought within one year "from the date the cause of action arose."  Def. Ex. A at 30.

Ayotte was diagnosed with prostate cancer in January of 2000.  After considering the treatment options recommended by his urologist, he learned of an alternative treatment offered at Loma Linda University Medical Center in Loma Linda, California, involving proton beam and x-ray therapy.  He requested authorization from MTHP for the Loma Linda treatment, but his request was denied.  Despite MTHP's decision, Ayotte underwent the treatment from April to June of 2000 at a cost of $49,138.00, which he paid himself.  MTHP denied his first level appeal on May 22, 2000, stating that the Loma Linda treatment was considered to be investigational and therefore not covered.

Ayotte retained counsel and continued through the appeals process.  At the second level of the appeals process, Ayotte's request was reviewed by the Appeal Committee and an independent reviewer who is board certified in oncology.  The conclusion was that the Loma Linda treatment was investigational.

Ayotte asked for a third level of review by an independent agency designated by the New Hampshire Department of Insurance. Hayes Plus conducted the third level review with an unnamed expert reviewer who was board certified in radiation oncology.  A telephone hearing was held on March 21, 2001.  That reviewer also

2

found that the treatment was investigational and not medically necessary.

Hayes Plus sent Ayotte a report of the independent reviewer's conclusions which constituted final notice of denial on April 12, 2001. On January 1, 2002, the MTHP was replaced by Matthew Thornton Blue. Ayotte, through counsel, filed suit in state court on April 23, 2003, and the case was then removed to this court.

## Discussion

Ayotte challenges MTHP's decision and seeks the benefits he believes are due him through claims for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).[1] The defendants contend that Ayotte's claims are barred by the one-year limitation provision in the MTHP Certificate and also fail on the merits. The parties have agreed not to pursue the issue of Ayotte's failure to disclose an expert witness.

As a preliminary matter, neither the defendants nor Ayotte

---

[1]Although Ayotte's pleadings are not specific, his fiduciary duty claim is presumed to be pled under § 1132(a)(2) and the catchall provision of § 1132(a)(3), alleging violations of §§ 1104, 1105, and 1109. See, e.g., Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 105 (1st Cir. 2002).

3

address his fiduciary duty claim in Count II as a claim that is distinct from his claim to recover benefits in Count I. The difference is potentially significant in this case because claims of breach of fiduciary duty are subject to a statutory limitation period, 29 U.S.C. § 1113, while claims under § 1132(a)(1)(B) are not. However, because Ayotte seeks to recover benefits but does not seek equitable relief for breach of fiduciary duties, he does not state a separate breach of fiduciary duty claim. See, e.g., Varity Corp. v. Howe, 516 U.S. 489, 515 (1996); Barrs v. Lockheed Martin Corp., 287 F.3d 202, 205 n.2 (1st Cir. 2002). Therefore, the court will consider Ayotte's claims together as one claim seeking to recover benefits under the Plan.

In the absence of a statutory time limit for claims under § 1132(a)(1)(B), courts usually borrow the most closely analogous limitation period from the law of the forum state. See, e.g., Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998); Alcorn v. Raytheon Co., 175 F. Supp. 2d 117, 120 (D. Mass. 2001). Here, however, the MTHP includes a limitations provision in the "Certificate" that provides medical coverage. Contractual time limits provided as part of a plan are enforceable, despite different state law limitations periods, as long as the agreed-upon period is reasonable. See, e.g., State St. Bank & Trust Co. v. Denman Tire

4

Corp., 240 F.3d 83, 87 (1st Cir. 2001); Northlake, 160 F.3d at 1303; Alcorn, 175 F. Supp. 2d at 121.

The MTHP Certificate includes the following provision:  "Any legal action against MTHP for failure to provide or pay for Covered Services or for any other failure to meet its obligations under this Certificate must be brought within one year from the date the cause of action arose." Def. Ex. A at 30.  The defendants contend that because Ayotte received the last notice that his claim for coverage of the Loma Linda treatment would not be covered in April of 2001 but did not bring suit until April of 2003, his claim is time barred.  Ayotte argues that the term "legal action" in the limitations provision is ambiguous and should be construed in his favor, that the terms of the Matthew Thornton Blue Plan, adopted in January of 2002, should control his claim, and that the contractual limitations period should not apply because the defendants did not give him notice that he had to file suit within a year.  He does not argue that the one-year limitation period is unreasonable.

Federal common law governs the interpretation of provisions in an ERISA benefit plan.  Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 134 (1st Cir. 2001); Morais v. Cent. Beverage Corp., 167 F.3d 709, 711 (1st Cir. 1999).  A plan is construed using "common-sense canons of contract interpretation" that are

5

derived from general state law principles. <u>Rodriguez-Abreu v. Chase Manhattan Bank, N.A.</u>, 986 F.2d 580, 585 (1st Cir. 1993). Plan language is interpreted according to its plain meaning taken in context, and language is ambiguous only "'where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of the words employed and obligations undertaken.'" <u>Smart v. Gillette Co. Long-Term Disability Plan</u>, 70 F.3d 173, 178 (1st Cir. 1995) (quoting <u>Fashion House, Inc. v. K Mart Corp.</u>, 892 F.2d 1076, 1083 (1st Cir. 1989)).

Ayotte contends that the term "legal action" in the limitation provision is ambiguous because it does not clearly state that it means filing an action in court. Instead, Ayotte argues, the term could reasonably be understood to mean following the administrative appellate process provided by MTHP. Such an interpretation of "legal action" is not reasonable in the context of the MTHP provisions.

The MTHP Certificate provides a grievance procedure for a Plan member to "communicate any questions or complaints" and "to present his position" about coverage decisions to the MTHP Customer Service Department. Def. Ex. A at 28. The letters and notifications Ayotte received about the administrative process did not mention "legal action" but instead referred to an "appeal

6

process" with several levels of internal and external review. Further, the limitations provision states that "[a]ny legal actions <u>against</u> MTHP for failure to provide or pay for Covered Services or for any other failure to meet its obligations under this Certificate must be brought within one year." Def. Ex. at 30 (emphasis added). An administrative appeals process provided <u>by</u> Matthew Thornton could not reasonably be understood as a legal action <u>against</u> Matthew Thornton.

Also, the ordinary and plain meaning of "legal action" is a lawsuit. <u>See, e.g.</u>, <u>The Concise Oxford Dictionary</u> 12 (8th Ed. 1990) (defining "action" as "legal process" or "lawsuit"). In addition, the New Hampshire statute of limitations cited by Ayotte uses the word "action" to mean lawsuit. N.H. Rev. Stat. Ann. § 508:4. Therefore, Ayotte's interpretation of "legal action" is not reasonable. The term is not ambiguous as used in the limitations provision.

There is no dispute that MTHP provided Ayotte health insurance coverage during the time in question. The Matthew Thornton Blue coverage did not begin until January of 2002, long after the Loma Linda treatments and the conclusion of Ayotte's appeal process.[2] Therefore, the MTHP, which includes the

---

[2]Ayotte notes that the appeal process followed the detailed procedures outlined in the Matthew Thornton Blue Certificate,

7

limitation provision, not the Matthew Thornton Blue plan, which does not include a limitation provision, governs his claim.

Ayotte also contends that the limitation provision should not bar his suit because the defendants did not give him notice of that provision. He does not deny that he was provided with all Plan documents. He does not contend that the limitation provision was missing from the documents given to him. He also does not identify any part of ERISA that requires a plan administrator to give a participant or beneficiary specific notice of a limitation provision. Therefore, Ayotte cannot avoid the effect of the limitation provision based on his argument of a lack of notice.

Because Ayotte filed suit more than one year after he received final notice that the defendants denied his claim for benefits for the Loma Linda treatment, his suit is time barred.

---

rather than the more general grievance procedure provided in the Matthew Thornton Health Plan Group Certificate of Coverage. Given the undisputed coverage dates of the two plans, the appeal process does not change which plan governed Ayotte's claim.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 16) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 28, 2004

cc:  Scott H. Harris, Esquire
     Ernest A. Jette, Esquire